[Civ. No. 383.   First Appellate District.—January 23, 1908.]

SAMUEL DAVIS, Respondent, v. PACIFIC IMPROVE-MENT COMPANY et al., Respondents, and JOHN G. KLUMPKE, Appellant.

LAW OF THE CASE—DECISION UPON FORMER APPEAL.—A decision upon a former appeal is the law of the case, upon the same state of facts.

ID.—EFFECT OF TAX DEEDS AND COPIES OF DELINQUENT LIST.—The decision upon a former appeal that tax deeds were evidence under the statute that the delinquent list was prepared for the years for which the land was sold for taxes, and that copies of the delinquent list for those years verified and filed with the recorder as required by law established the existence of the originals, in the absence of direct evidence to the contrary, is the law of the case, upon a second appeal.

ID.—EFFECT OF INABILITY OF AUDITOR TO PRODUCE DELINQUENT LISTS.—The law does not require the auditor to keep the original delinquent lists in his office, and evidence that they were not found in his office, and that he was unable to produce them at the trial, is not sufficient to sustain a finding that original delinquent lists were never made for the years herein involved.

ID.—REMOTE SEARCH IN TAX COLLECTOR'S OFFICE—TESTIMONY AND PRESUMPTIONS NOT OVERCOME.—A remote search after the lapse of six years for the original delinquent lists in the tax collector's office, where they were required to be kept, which proved ineffective, is not sufficient to prove that no such lists were ever made, or to overcome the testimony of an expert searcher employed in the tax collector's office that the original delinquent lists for the years involved were prepared during those years and sent to the printer, taken in connection with the presumptions from the tax deed, and that official duty was regularly performed, and from the copies proved from the recorder's office, that the original lists for those years existed.

ID.—LEVY OF TAXES—DEED PRIMARY EVIDENCE—BURDEN OF PROOF NOT SUSTAINED—WAIVER OF OBJECTION.—Under the statute, the tax deeds are primary evidence of the levy of the taxes, and the burden of proof was upon the plaintiff to prove the contrary. Where such burden was not sustained, an objection not urged in the trial court, that no ordinance was offered in evidence to prove the levy of the taxes, must be deemed waived.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

R. H. Countryman, for Appellant.

Freeman & Bates, for Plaintiff-Respondent.

J. E. Foulds, for Pacific Improvement Company, Respondent.

Boyd & Fifield, for Boyd and Cunningham, Respondents.

COOPER, P. J.—This action was brought to partition a block of land in San Francisco, known as South Beach Block 25.   The appellant Klumpke claimed title in fee to three lots or parcels of said block by virtue of certain tax deeds. The case was first tried in 1898, and in November of that year an interlocutory decree was filed, based upon the findings, in which it was held that the tax deeds of appellant were void and conveyed no title to him.   A motion for a new trial was made by appellant, and the same was denied. He appealed from the said interlocutory decree and from the order denying his motion for a new trial, and the decree and order were reversed by the supreme court.   (*Davis* v. *Pacific Imp. Co.*, 137 Cal. 245, [70 Pac. 15].)

The facts are there fully stated, and it is not necessary to repeat them here.   The court there held in effect that the tax deeds of appellant were valid, and reversed the judgment and order of the trial court.   It was there said as to the delinquent list: "It is next objected by the plaintiff that the assessor did not prepare a delinquent list for either of the years 1882 or 1883, and consequently there was no legal notice of the sale.   The court does not find, nor was there any evidence, that the delinquent list was not prepared for either of these years, and under the provisions of the statute the deeds themselves became evidence that it was prepared. By section 3769 of the Political Code the tax collector is required to file with the county recorder a copy of his pub-

lication of the delinquent list, with his affidavit attached thereto that it is a true copy of the same, and by the same section this affidavit is made *prima facie* evidence of this fact. Copies of the delinquent list for the years 1882 and 1883, duly verified and filed, as thus required, were in evidence before the court and in the absence of any direct evidence to the contrary these copies must be held to have established the existence of the originals. The inability of the auditor to produce them at the trial was not equivalent to evidence that they had never been made, nor would their loss or destruction after their function had ceased deprive the purchaser of the rights acquired by the deed. The authority of the tax collector to publish the delinquent list is given in section 3764, which provides that the list so published "must contain the names of the persons and a description of the property delinquent, and the amount of taxes and costs due, opposite each name and description. The enumeration of these particulars is equivalent to a declaration that none other need be published. The provisions of sections 3759-3762 are for the guidance of the auditor and tax collector in keeping the account of taxes chargeable to the latter officer, and determining the amount for which he is to account."

Upon the *remittitur* going down the plaintiff insisted upon a new trial, and introduced evidence for the purpose of showing that there was no delinquent list prepared and filed with the auditor for the years 1882 and 1883. The court found "That the tax collector of said city and county did not at any time make or prepare any delinquent list for the year 1882 or 1883 of or respecting the taxes delinquent for each or either of said years, and did not, at any time, deliver to the auditor of said city and county a complete or any other delinquent list of persons or property owing taxes in or for either of such years, and the said tax collector did not, in any delinquent list, set down in numerical or alphabetical order or otherwise all or any of the matters or things contained in the assessment books for either of such years relating to delinquent persons or property," and upon this finding judgment was entered against appellant as to his lots.

It is now contended that said finding is not supported by the evidence, and this presents the only material question in the case. It was held by the supreme court on the former appeal (which has become the law of the case) that the deeds

themselves became evidence under the statute that the delinquent list was prepared, and further that "copies of the delinquent list for the years 1882 and 1883, duly verified and filed, were in evidence before the court, and in the absence of any direct evidence to the contrary these copies must be held to have established the existence of the originals." These very same copies of the delinquent lists for the years 1882 and 1883, duly verified and filed in the recorder's office, were again in evidence upon the trial now under review. Under the rule of the law of the case as laid down upon the previous appeal, these copies, together with the presumptions arising from the tax collector's deeds, must be held to have established the existence of the originals "in the absence of any direct evidence to the contrary." The evidence now relied upon to sustain the finding is that of the witnesses Freeman and Bates. Freeman testified that he had made examinations "commencing at and prior to the year 1889 and extending up to and including the year 1898, in the offices of the tax collector, of the auditor, and of the recorder of the City and County of San Francisco, and I have never been able to find or discover any deputy or other person who could find any delinquent list of the taxes for the City and County of San Francisco for the years named, or for any other year. I have never been able to find a delinquent list or any book which purported to be such."

The witness Bates testified that he examined the auditor's office shortly before the first trial of the case, and examined the books in search of an original delinquent list for 1883 and 1884, but was unable to find any such list and that "there were none there."

The evidence relates to searches made at least six years after the years 1882 and 1883, when the delinquent lists should have been made. The fact that such lists could not be found in the office in which they are required to be kept is not sufficient to show that no such lists were ever made. The deeds being themselves evidence that such lists were properly made, coupled with the presumption of law that official duty has been performed, cannot be set aside merely for the reason that the delinquent lists could not be found in the proper office several years afterward.

Under the law as we understand it the deeds were valid, and conveyed title to the appellant unless it could be af-

firmatively shown that no delinquent lists were made by the tax collector for the years 1882 and 1883. The evidence does not show it, and therefore does not sustain the finding. The fact that the lists could not be found in the auditor's office does not establish the fact that they were never made. The lists are not required to be kept in the auditor's office. They are prepared by the tax collector and then delivered to the auditor, who in turn again delivers them to the tax collector, who causes them to be published with his notice of sale. (Pol. Code, secs. 3759, 3761, 3762, 3764, 3765.)

Not only this, but the plaintiff called one Enkle as a witness, who testified that he was an expert searcher in the tax collector's office, and that he was employed in that position during the years 1883-84; that delinquent lists were prepared during these years and sent to the printer; that the lists were sometimes used afterward in making settlements with the auditor; that the lists showed the amount of taxes on each piece of property that was delinquent. He was asked in cross-examination and answered questions as follows:

"Q. Mr. Enkle, calling your mind to the sheets, which are the delinquent tax lists—that is what you mean by the sheets, is it not, delinquent tax lists? A. Yes, sir.

"Q. Did or did not these sheets contain the valuations of the property? A. For that year?

"Q. Yes. A. I don't recollect that year, but as a general rule they were, the valuations were on the sheets."

Respondent's counsel insist that no ordinance was offered in evidence showing the levy of taxes for the years for which the sales were made. Under the statute the deeds are primary evidence that the taxes were levied as required by law. (Pol. Code, sec. 3786.) This placed the burden upon the plaintiff to show that the taxes were not levied for the years in question. When the tax deeds were offered in evidence no such objection was made, nor does it appear to have been in any way raised in the trial court.

The judgment and order are reversed.

Hall, J., and Kerrigan, J., concurred.